UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

Case No.: 1:23-cv-23136-WILLIAMS/REID

DEBRA LAND,

      Plaintiff,

v.

CARNIVAL CORPORATION,

      Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER

**THIS CAUSE** came before the Court pursuant to Defendant Carnival Corporation's ("Carnival") Motion for Protective Order to prevent the production of passenger injury statements for prior incident and witness statements gathered in anticipation of litigation (the "Motion"). [ECF No. 22]. The Court has reviewed the Motion, Plaintiff Debra Land's ("Land") Opposition [ECF No. 23], as well as the pertinent portions of the record and all relevant authorities. For the reasons addressed below, it is **ORDERED** that the Motion [ECF No. 22] is **DENIED**.

## BACKGROUND

This is a personal injury action involving a slip and fall incident that took place aboard the Carnival *Valor*, in which Plaintiff sustained a knee injury. [ECF No. 22 at 1]. On February 7, 2024, the Undersigned held a discovery hearing regarding the parties' discovery disputes, which were addressed in open court. One issue, however, remains pending: the production of passenger injury statements by Carnival. The parties were directed to submit briefs on this dispute for the Court's consideration.

## LEGAL STANDARD

Rule 26(c) of the Federal Rules of Civil Procedure protects those deposed from "annoyance, embarrassment, oppression, or undue burden or expense," but not from mere inconvenience. Fed. R. Civ. P. 26(c). The party making the motion must show that "good cause" exists for the protective order. *See id.* In addition to good cause, the court must also satisfy itself that, on balance, the interests of those seeking the protective order outweigh the interests of the opposing party. *See McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989).

## **DISCUSSION**

As an initial matter, while Defendant's Motion seeks a protective order, the issue before the Court centers on the attorney work product privilege as applied to passenger injury statements. As such, a discussion on the general principles of the work product privilege is warranted.

"The attorney work product privilege generally protects documents prepared by an attorney in anticipation of litigation." *Miccosukee Tribe of Indians of Fla. v. U.S.*, 516 F.3d 1235, 1263 (11th Cir. 2008) (citing *Hickman v. Taylor*, 329 U.S. 495, 509-10 (1947)). Thus, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). The work product doctrine protects "witness statement[s] taken by a party's attorney or agent in anticipation of litigation." *Birren v. Royal Caribbean Cruises Ltd.*, 1:20-CV-22783, 2021 WL 1564361, at *1 (S.D. Fla. Apr. 21, 2021) (quoting *Bridgewater v. Carnival Corp.*, 286 F.R.D. 636, 644 (S.D. Fla. 2011)). However, work product is still subject to discovery "upon a showing that the party seeking discovery has substantial need of the materials in preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *Bridgewater*, 286 F.R.D. at 639 (citing *Calderon v. Reederei Claus–Peter Offen GmbH*

*& Co.*, No. 07–61022–CIV–COHN/SELTZER, 2009 WL 1748089, *1–2 (S.D. Fla. June 19, 2009)).

Plaintiff is requesting the production of passenger injury statements, which she argues are *not* protected work product. [ECF No. 23 at 1]. The sought-after documents contain statements made by prior injured passengers reflecting their personal observations and recollections. [ECF No. 23 at 2]. Indeed, the norm in this district appears to be that passenger injury statements are not protected work product. *See e.g.*, *Johnson v. Carnival Corp.*, 19-CV-23167, 2020 WL 5653818, at *2 (S.D. Fla. Sept. 23, 2020), *aff'd,* 19-CV-23167, 2020 WL 6544490 (S.D. Fla. Nov. 6, 2020); *Birren v. Royal Caribbean Cruises Ltd.*, 1:20-CV-22783, 2021 WL 1564361, at *2 (S.D. Fla. Apr. 21, 2021); *Holbourn v. NCL (Bahamas) Ltd.*, No. 14-21887-CIV, 2014 WL 12600498, at *1 (S.D. Fla. Oct. 30, 2014).

Conversely, Defendant argues that the injury statements obtained from passengers involving former incidents "were created and/or obtained by Carnival at the direction of counsel and in anticipation of litigation and are, therefore, protected by the work-product privilege." [ECF No. 22 at 3]. Carnival relies on *Shamburger v. Carnival Corp.*, No. 20-cv-21117-ALTONAGA/GOODMAN, 2024 U.S. Dist. LEXIS 3479, at *4 (S.D. Fla. Jan. 8, 2024) and Judge Goodman's Order on Plaintiff's Request to Compel Production, *Shamburger v. Carnival Corp.*, No. 20-cv-21117 (S.D. Fla. Nov. 11, 2023), ECF No. 96 [attached to Defendant's Motion, hereinafter ECF No. 22-2]. While *Shamburger* is instructive, the decisions in *Johnson v. Carnival Corp.* cannot be overlooked. There, Magistrate Judge Louis found the passenger injury statements sought by the plaintiff were not protected under the work product doctrine after analyzing this district's line of cases on this issue as well as the declaration of Suzanne Brown Vazquez—who, coincidentally, is also Carnival's declarant in this case and in *Shamburger*. In all three declarations,

3

Ms. Vazquez states that when passengers report an incident that resulted in injury, an accident/incident report is "usually prepared" to memorialize the results of the company's investigation in anticipation of litigation. [ECF No. 22-1 at 2]. She also states that the passenger injury statement template was drafted by counsel for Carnival. [*Id.*]. The primary function of the investigation by Carnival, she says, is to assist Carnival's defense counsel in litigation. [*Id.* at 3].

In *Johnson*, Magistrate Judge Louis determined that the portion of Ms. Vazquez's testimony that *all* passenger injury statements in the case were prepared in anticipation of litigation "is too conclusory to credit." 2020 WL 5653818, at *2. She explained that, because Ms. Vazquez also testified that passenger injury statements are only "*usually* prepared" in anticipation of litigation, it follows that not *every* passenger injury results in an accident report prepared in anticipation of litigation. [*Id.*]. After Carnival objected to the magistrate judge's findings, District Judge Bloom agreed with Judge Louis's conclusion—further scrutinizing Ms. Vazquez's declaration:

> Vazquez states on the one hand that "[i]t is the policy of Carnival Cruise Line to investigate most claims of passenger injuries in anticipation of litigation" based upon the cruise line's experience that "some" passengers involved in accidents will seek compensation for their injuries, resulting in litigation; and then on the other hand, that under this general policy, Statements prepared specifically "in the case of every reported claim of passenger injury that requires treatment beyond first-aid" serve the function to assist the claims department and defense counsel in litigation. Decl. ¶¶ 4-5, 8. **If the conclusion to be drawn from these assertions is that Defendant prepares Statements only in cases in which a formal accident investigation is initiated and an accident report is prepared, then it is incumbent upon Defendant to so state explicitly. The Court will not on its own draw this conclusion from a suggestively drafted affidavit or declaration.**

*Johnson v. Carnival Corp.*, 19-CV-23167, 2020 WL 6544490, at *3 (S.D. Fla. Nov. 6, 2020) (emphasis added).

4

The Undersigned agrees. Here, too, Ms. Vazquez's declaration is vague and states in a contradictory fashion that all of the sought-out reports were prepared in anticipation of litigation. [ECF No. 22-1 at 3].[1] Even more, "[Ms.] Vazquez's testimony reveals no investigation undertaken by her to ascertain the circumstances under which the contested statements were in fact taken." *Johnson*, 2020 WL 5653818, at *2. On this point, Defendant's reliance on *Bridgewater*, where the court held that the passenger injury statements were protected as work product, works against it. 286 F.R.D. 636 at 644. There, the court stated that Carnival's submission was "disappointingly scant" and that "[p]arties who engage in this practice do so at the risk of the Court denying what might be meritorious privilege claims, because they have not given the Court the information needed to support those claims." *Id.* Here, even more than in *Johnson* where Ms. Vazquez specifically discussed plaintiff's injuries that led to its alleged anticipation of litigation, Defendant's Motion and declaration fail to show how the work product doctrine should protect it from disclosure of the passenger injury statements.

Furthermore, Defendant argues that Plaintiff failed to meet her burden of establishing both "substantial need" and "undue hardship" under Fed. R. Civ. P. 26(b)(3)(ii). [ECF No. 22 at 4]. In response, Plaintiff stated at the discovery hearing that it would be an undue hardship to contact or set depositions for each individual involved in prior incidents. The Court agrees with Plaintiff, particularly at this stage in the discovery process. Finally, a substantial need for the documents is evident. As Plaintiff states in her Complaint, the documents are essential to demonstrate that

---

[1] But for the case caption, party names, and date, Ms. Vazquez's declaration in this case is identical to the one used in *Shamburger*, and substantively indistinguishable from the one used in *Johnson*. *See* ECF No. 22-1; *Shamburger v. Carnival Corp.*, No. 20-cv-21117 (S.D. Fla. Nov. 11, 2023), ECF No. 91-1; *Johnson v. Carnival Corp.*, 19-CV-23167 (S.D. Fla. Aug. 19, 2020), ECF No. 59-1.

Defendant was on notice of the alleged dangerous condition based on similar prior incidents. [ECF No. 1 at ¶ 22].

Defendant failed to show "good cause" for a protective order in its Motion, and, in any case, the Court is unconvinced that the interests of Carnival in seeking the protective order outweigh the interests of Land in seeking the production of passenger injury statements which are routinely produced in slip and fall cases in this district. *See McCarthy*, 876 F.2d at 91.

## CONCLUSION

Accordingly, Plaintiff's Motion for Protective Order [ECF No. 22] is **DENIED**. Defendant shall produce all passenger injury statements for slip and falls that occurred on the same deck and the same type of floor as in this case during the five years preceding Plaintiff's date of injury, July 12, 2022.

**DONE AND ORDERED** in Chambers at Miami, Florida this 23rd day of February 2024.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:   **U.S. District Court Judge Kathleen M. Williams**; and
      **All Counsel of Record**