IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:23-cv-23136-KMW

DEBRA LAND,

        Plaintiff,

v.

CARNIVAL CORPORATION, a Panamanian
Corporation d/b/a CARNIVAL CRUISE
LINES,

        Defendant.

_____/

**REPORT AND RECOMMENDATION
ON DEFENDANT, CARNIVAL CORPORATION'S
<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

This matter is before the Court on Defendant CARNIVAL CORPORATION'S ("Carnival") Motion to Dismiss ("the Motion") the Complaint. [ECF No. 5]. The Honorable Kathleen M. Williams referred the motion to the Undersigned for a report and recommendation pursuant to 28 U.S.C. § 636. [ECF No. 8]. The Court has carefully considered the Motion [ECF No. 5], Plaintiff's Response [ECF No. 10], and Defendant's Reply [ECF No. 12]. For the reasons stated below, it is **RECOMMENDED** that the Motion be **DENIED**.

## I.      Background

Plaintiff Debra Land ("Plaintiff") was a passenger aboard the Carnival "Valor" cruise. [ECF No. 1 at 3]. On July 12, 2022, Plaintiff was walking on the open aft portion of the Lido Deck on Deck 9 when she allegedly slipped and fell "on a wet, slippery, transitory, and/or foreign

substance on the floor surface of the deck[.]" [*Id.*]. As a result, Plaintiff suffered injuries, one of which required surgery. [*Id.*].

Plaintiff asserts three counts in the Complaint: (1) negligent maintenance, (2) negligent failure to correct, and (3) negligent failure to warn. [*Id.* at 4–11]. Carnival argues that Counts I, II, and III should be dismissed because they fail to sufficiently allege that Carnival had actual or constructive notice of the risk-creating condition. [ECF No. 5]. Carnival also seeks to dismiss Counts I, II, and III on the grounds that they lack merit. [*Id.*].

## II.      Legal Standard

Carnival has moved to dismiss the Complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); [ECF No. 5 at 1]. To survive a 12(b)(6) motion, a complaint must allege sufficient factual matter that, taken as true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The factual allegations are accepted as true and construed in a light most favorable to the plaintiff; conclusory assertions and unwarranted deductions of fact are not." *Worley v. Carnival Corp.*, 21-23501-CIV, 2022 WL 845467, at *1 (S.D. Fla. Mar. 22, 2022) (citing *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)). "The Eleventh Circuit has endorsed 'a two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Holcomb v. Carnival Corp.*, No. 20-22429-Civ-WILLIAMS/TORRES, 2020 U.S. Dist. LEXIS 186214, at *5 (S.D. Fla. Oct. 6, 2020) (first quoting *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010); and then quoting *Iqbal*, 556 U.S. at 679).

"Federal maritime law applies to actions arising from alleged torts committed aboard a ship sailing in navigable waters." *Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011) (citing *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1321 (11th Cir.1989)). "[G]eneral maritime law is 'an amalgam of traditional common-law rules, modifications of those rules and newly created rules' drawn from state and federal sources." *Martinez v. Celebrity Cruises*, No. 20-23585-CIV-WILLIAMS/TORRES, 2021 U.S. Dist. LEXIS 4852, at *4 (S.D. Fla. Jan. 8, 2021) (quoting *East River S.S. Corp. v. Transamerica Delaval*, Inc., 476 U.S. 858, 864–65 (1986)). Lastly, "[m]aritime law may be supplemented by state law principles so long as [the] application of the state law" is not in conflict with federal maritime law. *Id.*

### III.    Analysis

There are three main issues relevant to the motion to dismiss: (1) whether Plaintiff sufficiently pleaded that Carnival was on notice of the alleged dangerous condition; (2) whether the three counts have merit; (3) whether Count II is an impermissible vicarious liability claim; and (4) whether Count II is a duplicative claim of Count I. [ECF No. 7; 12].

#### A.  Counts I–III: Actual Notice and Constructive Notice

Because Counts I, II, and III are direct liability claims and therefore require notice, the first issue is whether Plaintiff has adequately pleaded that Carnival was on notice of the alleged dangerous condition. *See Worley*, 2022 WL 845467, at *2; *Reed v. Royal Caribbean Cruises Ltd.*, 618 F. Supp. 3d 1346, 1357 (S.D. Fla. 2022)).

Decisions in maritime tort cases "rely on general principles of negligence law." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (quoting *Daige v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)). The elements of a negligence claim based on a shipowner's

direct liability for its own negligence are well settled: "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022) (quoting *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1253 (11th Cir. 2014)). "This standard 'requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of [a] risk-creating condition, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure.'" *Id.* (quoting *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 721 (11th Cir. 2019)). A defendant has actual notice when the "defendant knows of the risk creating condition" and has constructive notice "when a dangerous condition has existed for such a period of time that the shipowner must have known the condition was present and thus would have been invited to correct it." *Bujarski v. NCL (Bahamas) Ltd.*, 209 F. Supp. 3d 1248, 1250–51 (S.D. Fla. 2016). Constructive notice can be established "by alleging that the defective condition exist[ed] for a sufficient period of time to invite corrective measures [or] . . . by alleging substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident." *Arouza-Pai v. Carnival Corp.*, No. 21-CV-23511-WILLIAMS/MCALILEY, 2022 U.S. Dist. LEXIS 226795, at *8–9 (S.D. Fla. Dec. 16, 2022) (internal quotations omitted).

Carnival first contends that Plaintiff's allegations that Carnival had actual or constructive notice are conclusory and speculative. [ECF No. 5 at 9]. To support its argument, Carnival heavily relies on two cases: *Holland v. Carnival Corp.*, No. 20-21789-CIV-Scola, 2021 U.S. Dist. LEXIS 4322 (S.D. Fla. Jan. 11, 2021) and *Newbauer v. Carnival Corp.*, Civil Action No. 20-23757-Civ, 2021 U.S. Dist. LEXIS 34240 (S.D. Fla. Feb. 23, 2021). [*Id.* at 5–9]. Additionally, Carnival asserts

Plaintiff failed to plead any factual support for her allegations "as required by the United States Supreme Court and Federal Rules." [*Id.* at 10] (citing *Iqbal*, 556 U.S. at 678–79). Lastly, Carnival argues that Plaintiff failed to adequately plead notice by citing previous incidents because:

> Plaintiff merely states that said incidents exist and that they involve trip[s] and falls on the Lido deck. Simply stating said alleged incidents occurred in the past, without more, is not sufficient to establish notice to Carnival. To allege a substantially similar incident, Plaintiff cannot merely allege a previous slip and fall occurred without alleging further facts showing how those slips and falls had substantially similar conditions to Plaintiff's slip and fall. Therefore, any allegations which reference these conclusory, speculative statements, should fail to satisfy the sufficient pleading standard and therefore are insufficient to plead Carnival's alleged notice.
>
> Additionally, the Plaintiff alleges that these prior accidents occurred on the lido deck on its vessel and other Carnival vessels but provides no information regarding: (1) whether the configuration of said ships were similar, (2) whether the location of the other slips and falls were analogous to that of the alleged incident, (3) whether the decks were construed of the same materials as the deck at issue, (4) whether the conditions of the lido deck were the same on that day, or (5) whether the other incidents occurred recent enough to not be too remote in time to be considered substantially similar. Further, Plaintiff fails to provide case names, or Party names for the alleged prior incidents. In fact, Plaintiff provides no details regarding the conditions of any of the alleged prior incidents other than general conclusory descriptions.

[ECF No. 5 at 13].

In her Response, Plaintiff argues that notice was sufficiently pleaded because:

> Contrary to CARNIVAL's assertions, Ms. LAND did allege the date of each respective incident and a passenger name, stated in the form of initials to preserve confidentiality. Two of the incidents took place in 2022, the same year Ms. LAND was injured, and a third in 2019, the last full year preceding 2022 during which regular sailings of CARNIVAL vessels, free of COVID related restrictions, took place. Specification of each incident by its date, name of vessel, location on vessel, and initials of the passenger should be sufficient, if CARNIVAL maintains a reasonably efficient record-keeping system, for it to locate and verify the details of each incident.

[ECF No. 10 at 4].

Plaintiff also pleaded a supplemental allegation stating that:

> At all material times prior to Plaintiff's slip and fall, Defendant CARNIVAL
> acknowledged as matter of fleetwide importance, that "Open Decks," on its vessel
> are well known to it as areas of most potential slips and falls. This knowledge is
> documented in CARNIVAL's internal safety protocols and internal memorandums
> attached as **Exhibit 1.**

[*Id.* at 5].

In its Reply, Carnival first points out that the cases Plaintiff relies on were decided at the

summary judgment stage and not at the motion to dismiss stage. [ECF No. 12 at 3]. Carnival then

renews the argument that the prior incidents that Plaintiff includes in her Complaint are not

substantially similar to Plaintiff's incident by, for example, pointing out that the incidents cited by

Plaintiff occurred on different ships from the one Plaintiff allegedly slipped on. [*Id.* at 3–5].

Regarding Plaintiff's supplemental notice allegation, Carnival asserts that:

> The Plaintiff's "supplemental evidence" of notice regarding open decks and
> internal safety protocols marked as Exhibit 1 in the Complaint fails to remedy their
> insufficient notice pleadings. The allegation in Paragraph 17 of Plaintiff's
> Complaint is not discussing a safety standard as Plaintiff alleges; no safety standard
> is mentioned or cited. The exhibit merely and generally lists a number of areas
> where slip and falls generally occur more often and that "Open Decks" are a part
> of that list. This is merely a General Ambiguous Statement of passenger safety that
> fails to impute, or supplement evidence to impute notice on the Defendant. A
> Carnival Ship has multiple open deck areas; alleging generally that Carnival knows
> slip and falls occur on open decks does not impute that Carnival had knowledge of
> the alleged dangerous condition. Plaintiff also incorrectly cites a case regarding
> industry safety standards to justify the use of their exhibit, which merely comments
> on general passenger safety.

[*Id.* at 6].

Here, Plaintiff alleges several specific facts that "push [their] claims across the line from

conceivable to plausible." *Hunter v. Carnival Corp.*, 609 F. Supp. 3d 1305, 1313 (S.D. Fla. 2022)

(cleaned up) (quoting *Twombly*, 550 U.S. at 570). Plaintiff, for instance, alleges that Carnival knew

or should have known that "the exterior/open deck area of the Lido Deck on Deck 9, where Plaintiff

slipped and fell, was in a high-traffic area at risk of an accumulation of wet, slippery transitory

and/or foreign substances on the deck surface, due to its proximity to the aft pool and nearby dining

options." [ECF No. 1 at 3]. Unlike in *Holland v. Carnival Corp.*, where the plaintiff merely "alleged that the hazard occurred on a highly trafficked staircase that was potentially visible to many crewmembers and was subject to the regulation of safety agencies," Plaintiff here alleges why the area was at risk of accumulating slippery substances: proximity to the pool. 50 F.4th at 1095–96; *see also Holland*, 2021 U.S. Dist. LEXIS 4322, at *7 (quoting *Navarro v. Carnival Corp.*, No. 19-21072-CIV-MOORE, 2020 U.S. Dist. LEXIS 47953, at *3 (S.D. Fla. March 19, 2020)) ("The Plaintiff's allegations that the stairs in question were in a high traffic area similarly fail. As currently alleged, the Plaintiff 'mistakenly conflates foreseeability with actual or constructive notice.'"). Similarly, the Complaint here does not contain the conclusory statements that were found to be insufficient in *Newbauer*. 2021 U.S. Dist. LEXIS 34240. In *Newbauer*, the plaintiff slipped on a wet, slippery substance on the Lido Deck of the vessel near the Red Frog Bar. 2021 U.S. Dist. LEXIS 34240, at *1–2. The allegations regarding notice included only that the area where the plaintiff slipped and fell was a "high traffic dining area," or in the alternative, that the defendant was on notice "because of the regular and frequently recurring nature of the hazard in that area." *Id.* Here, it is more than mere foreseeable that the deck could accumulate slippery substances; instead, it is plausible that Carnival had actual or constructive notice of the area in question being slippery because of its proximity to the pool. *See generally Lopez v. Carnival Corp.*, No. 22-cv-21308-BLOOM/Otazo-Reyes, 2022 U.S. Dist. LEXIS 178315, at *8 (S.D. Fla. Sep. 29, 2022) *(*finding that the plaintiff's allegations were not conclusory when the plaintiff had alleged that defendant's crew members were in the area performing repairs on the staircase where the plaintiff had fallen on the same day that the incident occurred).

Nonetheless, even if that allegation does not constitute sufficient notice, this Court finds that Plaintiff sufficiently pleaded constructive notice by alleging substantially similar prior

incidents. The Eleventh Circuit has explained "[w]ith regard to the substantially-similar-incident requirement, . . . that it 'does not require identical circumstances[] and allows for some play in the joints.'" *Cogburn v. Carnival Corp.*, No. 21-11579, 2022 U.S. App. LEXIS 11177, at *10 (11th Cir. Apr. 25, 2022) (quoting *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287 (11th Cir. 2015)). "In applying this standard, the relevant question is whether 'the two incidents were similar enough to allow the jury to draw a reasonable inference' concerning the cruise ship operator's 'ability to foresee' the incident at issue." *Id.* at *10–11 (first quoting *Sorrels*, 796 F.3d at 1288; and then quoting *Borden, Inc. v. Fla. E. Coast Ry. Co.*, 772 F.2d 750, 755 (11th Cir. 1985)).

In this case, Plaintiff alleges five prior incidents where other passengers aboard a Carnival cruise slipped and fell on Lido Decks. [ECF No. 1 ¶22]. Plaintiff identifies the date of each incident, the vessel's name, and that the passengers "slipped and fell on a wet, slippery, and/or hazardous condition on the floor surface of the vessel's Lido Deck." [*Id.*]. This Court finds that Plaintiff has alleged sufficient facts to establish that Carnival had constructive notice of the dangerous condition due to substantially similar prior incidents, and Carnival's assertion that the incidents are not similar enough because they occurred in different vessels and not the "Valor" is not enough to warrant dismissal. *See Lopez*, 2022 U.S. Dist. LEXIS 178315, at *8–9 ("Defendant argues that the other alleged incidents relate to a different class of ships with different designs, configurations, and layouts. However, whether the alleged incidents are in fact substantially similar as to give notice is an issue of fact, which the Court need not resolve at the dismissal stage."); *Castillo v. NCL Bahamas Ltd.*, 2018 U.S. Dist. LEXIS 3093, at *8–9 (S.D. Fla. Jan. 5, 2018) (internal citations omitted) (finding facts "sufficient to overcome [d]efendant's motion to dismiss" where the plaintiff alleged that "NCL was on actual or apparent notice of the danger due to . . . numerous prior slip/trip and falls on the same/similar deck surfaces on most [of] the vessels

in its large fleet" and that "NCL was also on notice of the dangerous condition by virtue of its legal and risk management departments' investigations and defense of countless substantially similar cases on a fleet wide basis."); *Fawcett v. Carnival Corp.*, 682 F. Supp. 3d 1106, 1111 (S.D. Fla. 2023) (internal quotations omitted) (denying the cruise line's motion to dismiss because the plaintiff identified "numerous slip-and-fall events, including fall incidents on wet flooring in the Lido Marketplace dining area on the Lido Deck of the Breeze—a vessel of the same class as the Magic—and slip and fall incidents specifically on wet or slippery areas of the Lido Deck of the Magic.").

In sum, Plaintiff has adequately pleaded that Carnival was on constructive notice of the alleged dangerous condition.

### B. Counts I–III: Merit of the Claims; Count II: Impermissible Vicarious Liability Claim

Carnival seeks to dismiss the claims for lack of merit. [ECF No. 5]. Carnival again argues that Count I lacks merit because Plaintiff failed to allege any factual support for her allegations that Carnival had notice of the dangerous condition. [*Id.* at 16–17]. This argument fails for the reasons discussed above.

Regarding Count II, Carnival argues that Plaintiff improperly pleaded her failure to correct claim as a vicarious liability claim in order to bypass the requirements to plead notice on a direct liability claim. [*Id.* at 17–19]. To advance its argument, Carnival mainly relies on *Yusko v. NCL (Bah.), Ltd.*, 4 F.4th 1164 (11th Cir. 2021), *Keefe*, 867 F.2d 1318, and *Everett v. Carnival Cruise Lines*, 912 F.2d 1355 (11th Cir. 1990). [*Id.* at 18]. In her Response, Plaintiff does not address the impermissible vicarious liability argument and solely addresses notice. [ECF No. 10]. In its Reply, Carnival renews the arguments made in its Motion. [ECF 12 at 7]

The Eleventh Circuit, in *Yusko*, made clear that "a passenger need not establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees." F.4th at 1170. That is, notice is not required for negligence claims under a vicarious liability theory. *See id.* It is important to note that Count II is not a vicarious liability claim but a direct liability claim since Plaintiff seeks to impose liability on Carnival for its own actions. [ECF No. 1 at 7–9]. For example, Plaintiff alleges that Carnival breached its duty of care by "[f]ailing to implement and/or enforce adequate policies and procedures to ensure that the area where Plaintiff slipped and fell was safe so as to prevent slips and falls from occurring." [*Id.* at 8]. Since Plaintiff seeks to impose liability directly on Carnival, Plaintiff must allege notice. Thus, Carnival's argument is without merit because, as discussed above, Plaintiff sufficiently alleged that Carnival had constructive notice of the dangerous condition. Therefore, Count II contains enough factual allegations to sustain a direct liability claim. *See generally Coletti v. Carnival Corp.*, No. 23-cv-23275-BLOOM/Torres, 2024 U.S. Dist. LEXIS 24836, at *11–13 (S.D. Fla. Feb. 13, 2024).

Lastly, Carnival argues that Count III is without merit because the existence of the alleged dangerous condition was open and obvious. [ECF No. 5 at 19–20]. In her Response, Plaintiff does not address Carnival's argument [ECF No. 10], and Carnival does not further the argument in its Reply. [ECF No. 12]. This Court finds Carnival's argument inappropriate at the dismissal stage because it is fact-dependent and more appropriately argued on a motion for summary judgment. *See Marabella v. NCL Bahamas, Ltd.*, 437 F. Supp. 3d 1221, 1226 (S.D. Fla. 2020) (quoting *Flaherty v. Royal Caribbean Cruises, Ltd.*, No. 15-22295, 2015 U.S. Dist. LEXIS, at *9 (S.D. Fla. Dec. 7, 2015). ("It is 'generally accepted that the legal question of whether a condition is open and obvious is better decided [not at the motion to dismiss stage but] after some factual

development.'"); *Brown v. Oceania Cruises, Inc.*, No. 17-22645-CIV-ALTONAGA/Goodman, 2017 U.S. Dist. LEXIS 192626, at *7 (S.D. Fla. Nov. 20, 2017) (stating that "the Court sides with the numerous courts in this District, which have held the question of whether a danger is open and obvious should be resolved only after the factual record has been developed," and not at the dismissal stage); *Harris*, 2022 U.S. Dist. LEXIS 178250, at *9 (S.D. Fla. Sep. 29, 2022) ("In any event, the issue of whether a danger is open and obvious is fact dependent and inappropriate at the motion-to-dismiss stage."). Therefore, Count III should not be dismissed.

In sum, Plaintiff has adequately pleaded the claims for negligent failure to maintain, negligent failure to correct, and negligent failure to warn.

### C.  Count II: Duplicative Claim

In its Reply, for the first time, Carnival argues that Count II should be dismissed as a duplicative claim of Count I. [ECF No. 12 at 7–8]. The Court will not reach the merits of Carnival's argument because it is improper to raise new arguments for the first time in a reply brief. *See United States v. Canario-Vilomar*, No. 22-cr-20019, 2022 U.S. Dist. LEXIS 83690, at *16–17 (S.D. Fla. May 9, 2022) ("[T]he Court also notes that it is improper to raise an argument for the first time in a reply, and thus the Court need not consider such arguments further."); *Herring v. Secretary, Dep't of Corrs.*, 397 F.3d 1338, 1342 (11th Cir. 2005) (internal quotations omitted) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court."); *Giraldo v. Miami-Dade Coll.*, No. 16-21172-CIV-LENARD/GOODMAN, 2017 U.S. Dist. LEXIS 29008, at *7–8 (S.D. Fla. Feb. 28, 2017) (quoting S.D. Fla. L.R. 7.1(c)) ("Local Rule 7.1(c) provides that a reply memorandum 'shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law.'"); *Katchmore Luhrs, LLC v. Allianz*

*Glob. & Corp. Specialty*, No. 15-23420-CIV-GOODMAN, 2016 U.S. Dist. LEXIS 58616, at *2 (S.D. Fla. May 3, 2016) ("[I]t is improper for a party to raise a new argument in its reply.").

### IV.    Conclusion

In sum, Counts I–III's allegations "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Plaintiff has met her burden, and Carnival is not entitled to dismissal pursuant to Rule 12(b)(6) of the Complaint. Therefore, the undersigned respectfully **RECOMMENDS** that Carnival's Motion to Dismiss the Complaint [ECF No. 5] be **DENIED**.

Objections to this Report may be filed with the district judge within **FOURTEEN (14)** days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 8th day of July, 2024.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE


cc:  All Counsel of Record